IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANTONIE D. KIRK                                                                PETITIONER

v.                                                      CIVIL ACTION NO. 2:25-cv-112-HSO-MTP

WARDEN BYRON WALKER                                                  RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Antonie D. Kirk and Respondent's Motion to Dismiss [10] pursuant to 28 U.S.C. § 2244(d).  Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [10] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On May 28, 2021, in the Circuit Court of Jones County, Mississippi, a jury found Petitioner guilty of aggravated assault. [10-1] at 1. On June 2, 2021, the trial court entered an "Amended Sentence Order," which sentenced Petitioner to "a twenty (20) year sentence with the Mississippi Department of Corrections, with sixteen (16) years to be served in the full-time custody of the Mississippi Department of Corrections, and the remaining four (4) years suspended on condition of the successful completion of four (4) years of post-release supervision." *Id.* at 1-2. Petitioner then filed a motion for a new trial, which the circuit court denied.

Petitioner appealed his conviction to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On February 14, 2023, the court of appeals affirmed Petitioner's conviction. *See Kirk v. State*, 362 So. 3d 93 (Miss. App. 2023).  The court of appeals

1

held that "there was sufficient evidence for a reasonable trier of fact to reach the conclusion that the essential elements of aggravated assault had been proved beyond a reasonable doubt." *Id.* at 101. On June 6, 2023, the court of appeals denied Petitioner's motion for rehearing. [10-2] at 1; [10] at 2.

Based on a review of the record and a review of the Mississippi Supreme Court's docket system,[1] Petitioner did not file a petition for writ of certiorari with the Mississippi Supreme Court.

On April 8, 2024, Petitioner filed a Motion for Post-Conviction Relief ("PCR motion") in the Jones County Circuit Court. [9-7] at 1. On June 14, 2024, the circuit court found that Petitioner's arguments were "without merit," and denied his PCR motion. [10-3] at 2.[2]

On August 7, 2025, Petitioner submitted his federal Petition for Writ of Habeas Corpus [1].[3]  On January 22, 2026, Respondent filed a Motion to Dismiss [10] arguing that the Petition is untimely and should be dismissed pursuant to 28 U.S.C. § 2244(d).  Petitioner did not file a response.

---

[1] *See* https://courts.ms.gov/index.php (last visited February 9, 2026).

[2] The PCR motion was stamped filed on April 16, 2024, but was signed by Petitioner on April 8, 2024. Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v. State*, 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts).  Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to prison officials for mailing.  Giving Petitioner the benefit of the doubt, the undersigned will assume that his PCR motion was delivered to prison officials on April 8, 2024.

[3] The Petition [1] was stamped filed in this Court on August 13, 2025. The Petition, however, was signed on August 7, 2025. Once again, the Court will assume for purposes of this Report and Recommendation that Petitioner delivered the Petition to prison officials on the day he signed it.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

The Mississippi Court of Appeals affirmed Petitioner's conviction on February 14, 2023, and denied his Motion for Rehearing on June 6, 2023. [9-6] at 2. Petitioner did not file a petition for writ of certiorari with the Mississippi Supreme Court. Accordingly, Petitioner's judgment became final – and the statute of limitations for federal habeas began to run – on June 20, 2023 (June 6, 2023 plus 14 days).[4] Petitioner was required to file his federal habeas petition by June 20, 2024, unless he is entitled to statutory and/or equitable tolling. *See* 28 U.S.C. §

---

[4] Mississippi Rule of Appellate Procedure 17(b) provides that "a petition for a writ of *certiorari* for review of the decision of the Court of Appeals must be filed in the Supreme Court and served on other parties within fourteen (14) days from the date of entry of judgment by the Court of Appeals on the motion for rehearing."

2244(d)(1)(A).  Petitioner filed his Petition on August 7, 2025, more than two years after the judgment became final.

### *Statutory Tolling*

Whether statutory tolling occurred during the period between the judgment becoming final on June 20, 2023, and Petitioner filing his federal habeas Petition on August 7, 2025, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.  As previously stated, Petitioner filed his PCR motion in the Jones County Circuit Court on April 8, 2024. [9-7] at 1. The circuit court denied his PCR motion on June 14, 2024. [10-3] at 2. If Petitioner's PCR motion had been properly filed, it would have tolled the limitations period for 67 days, extending Petitioner's deadline to file his federal habeas petition to August 26, 2024.

However, Respondent argues that the limitations period was not tolled by the PCR motion because the motion was not "properly filed." Specifically, Respondent argues that the circuit court lacked jurisdiction to consider the motion. Respondent claims that under Mississippi Code § 99-39-7, when a conviction has been affirmed by the Mississippi Supreme Court, a petitioner must obtain permission from that court before filing a PCR motion in the trial court. Respondent says that because Petitioner did not seek the supreme court's permission to file the motion in circuit court, the circuit court sat without jurisdiction, the motion was not properly filed, and the limitations period was not tolled.

Regardless, even if Petitioner properly filed his PCR motion and the limitations period was tolled for the 67 days between the filing of his PCR Motion and the circuit court's denial of the motion, his federal habeas petition would still be untimely. Counting the 67 days for statutory

4

tolling, the Petition should have been filed by August 26, 2024, absent additional statutory or equitable tolling. He did not file his federal habeas petition until August 7, 2025, nearly a year after the limitations period ran.

***Equitable Tolling***

The decision to apply the equitable tolling doctrine to the one-year limitations period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Although Petitioner did not file a response to the Motion to Dismiss [10], he claims in his Petition [1] that § 2244(d)'s statute of limitations should not bar his habeas claims because a "constitutional right have been violated." [1] at 13. However, the AEDPA "has no exception for constitutional claims and expressly precludes them if they are filed too late." *Williams v. Shaw*, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021). Thus, an alleged constitutional violation is not a showing of "rare and exceptional circumstances."

Petitioner also makes claims throughout his Petition that his attorney failed to assist him at trial and on appeal and was "for the state trial court." [1] at 5, 7-8, 10. However, ineffective assistance of counsel before the beginning of the one-year limitations period has "no bearing on equitable tolling because the alleged deficiencies necessarily preceded the beginning of the one-year limitations period." *Hernandez v. Director, TDCJ-CID*, 2023 WL 3902675 at *3 (N.D. Tex., 2023). Further, an alleged violation of the "right to effective assistance of counsel on a first appeal" will not "toll the AEDPA's statute of limitations." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000). "Equitable tolling applies mainly where a petitioner is actively misled by his attorney or someone else." *Id.* Petitioner claims his attorney was unhelpful but does "not contend that any misrepresentation or misinformation" received from his attorney "contributed to the lapse of the one-year statute of limitations before filing." *Id.* at *4. Thus, Petitioner's allegation of ineffective assistance of counsel does not constitute extraordinary circumstances that stood in his way of timely filing his Petition.

Moreover, the record demonstrates that Petitioner has not pursued his rights diligently. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal quotations and citations omitted).

The Mississippi Court of Appeals denied Petitioner's Motion for Rehearing on June 6, 2023. Petitioner then waited almost a year to file a PCR motion and then waited an additional year to file his habeas petition. Under current precedent, it is clear that Petitioner did not diligently pursue his rights. *See e.g.*, *North v. Davis*, 800 Fed.Appx. 211, 214-15 (5th Cir. 2020) (determining that the petitioner's eleven-month delay in filing the initial state application

6

weighed against a finding of diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (finding that petitioner did not show reasonable diligence where he waited six months to file his federal habeas petition and did not explain the delay in filing); *Palacios v. Stephens*, 723 F.3d 600, 606 (5th Cir. 2013) (finding that the petitioner did not exercise diligence when he waited seven months to hire an attorney for his federal habeas matter and offered no reason for the delay).

Petitioner has not shown a diligent pursuit of his rights, and thus, equitable tolling is not warranted.

### CONCLUSION

Petitioner's state court conviction became final on June 20, 2023. Based on the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in § 2244(d)(2), Petitioner was required to file his federal petition by no later than August 26, 2024. Petitioner filed his petition on August 7, 2025. Petitioner has failed to establish that additional statutory or equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of § 2244(d).

### RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [10] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

### NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This 18th day of February, 2026.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge